UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MINDY SUE DODD          ]
    Petitioner,         ]
                        ]
v.                      ]     No. 3:08-0468
                        ]     Judge Trauger
JEWEL STEELE, WARDEN    ]
    Respondent.         ]

MEMORANDUM

The petitioner, proceeding *pro se*, is an inmate at the Tennessee Prison for Women in Nashville. She brings this action pursuant to 28 U.S.C. § 2254 against Jewel Steele, Warden of the facility, seeking a writ of habeas corpus.

On September 27, 2001, a jury in Rutherford County found the petitioner guilty of first degree murder and conspiracy to commit murder. For these crimes, she received concurrent sentences of life imprisonment with the possibility of parole and twenty (20) years, respectively.[1] Docket Entry No. 26-1; Addendum No. 1 at pgs. 150-51.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 26-10; Addendum No. 5. The Tennessee Supreme Court later denied petitioner's application for additional review. Docket Entry No. 26-12; Addendum No. 7.

---

[1] The petitioner was offered a sentence of fifteen (15) years at 30% in exchange for a plea of guilty to facilitation of first degree murder. She refused the offer and chose instead to proceed to trial. Docket Entry No. 26-14; Addendum No. 9 at pg. 5.

1

The petitioner then filed a *pro se* petition in the Criminal Court of Rutherford County seeking post-conviction relief. Docket Entry No. 26-13; Addendum No. 8 at pgs. 4-165. Following the appointment of counsel, amendments to the petition and an evidentiary hearing, the trial court denied the petition. *Id.* at pg. 184. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 26-17; Addendum No. 12. No further review was sought in the Tennessee Supreme Court.

On June 2, 2008, the petitioner filed the instant petition for writ of habeas corpus (Docket Entry No. 11). The petition sets forth nine individual claims for relief. These claims include:

(1) the trial judge erred by failing to grant the petitioner a change of venue;

(2) the jury verdicts were inconsistent;

(3) the jury should have been instructed as to mitigating circumstances;

(4) the petitioner was questioned by the police in violation of her constitutional rights;

(5) the petitioner should have been appointed more than one attorney to aid in her defense;

(6) the petitioner's "admonition and waiver" form was faulty because it was dated incorrectly;

(7) counsel was ineffective for failing to mount a defense;[2]

(8) a prosecution witness (Ron Denson) was not credible; and

(9) the petitioner was not afforded an adequate

---

[2] The petitioner was represented by Gerald Melton, the District Public Defender for Rutherford County.

2

sentencing hearing.

After examining the petition, the Court determined that it contained claims which were not facially frivolous. Accordingly, an order (Docket Entry No. 14) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules – § 2254 Cases.

Presently pending before the Court are the petition and the respondent's Answer (Docket Entry No. 25) to the petition. Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present her claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522 (1982). Once her federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).[3]

---

[3] In Tennessee, a habeas petitioner need only bring her claims to the Tennessee Court of Criminal Appeals to satisfy the exhaustion requirement. Adams v. Holland, 330 F.3d 398 (6th Cir. 2003).

3

To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). On direct appeal, the petitioner challenged only the sufficiency of the evidence to support the convictions. Docket Entry No. 26-8; Addendum No. 3. During the post-conviction appeal, the petitioner questioned the effectiveness of counsel and nothing more. Docket Entry No. 26-15; Addendum No. 10. Thus, the petitioner failed to properly exhaust each of her claims, with the exception of the ineffective assistance claim (Claim No. 7), in the state courts.

Unfortunately, having already filed one petition for post-conviction relief, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(c). Thus, by way of procedural default, it would seem that the petitioner has technically met the exhaustion requirement with respect to these claims (Claim Nos. 1-6, 8-9). Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84 (1977); Engle v. Isaac, 456 U.S. 107, 129 (1982).

Here, the petitioner has failed to properly exhaust state court remedies for all but one of her claims. There is nothing in the record that would satisfy the cause and prejudice needed to excuse the petitioner's procedural default. Therefore, it appears that the claims that were never presented

4

to the state appellate courts for consideration are not actionable.

A review of the record shows that the petitioner did exhaust her ineffective assistance claim (Claim No. 7) during post-conviction proceedings in the state courts. Docket Entry No. 26-15; Addendum No. Addendum No. 10. When a federal habeas corpus claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. In order to obtain the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362 (2000). In short, state court judgments must be upheld unless, after the closest examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

At the close of the prosecution's case-in-chief, counsel rested the defense without offering any proof or testimony favorable to the petitioner. Docket Entry No. 26-14; Addendum No. 9 at pg. 21. The petitioner alleges that counsel was ineffective for doing so. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense

5

was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). To demonstrate prejudice, it is necessary for the petitioner to show that counsel's failure to act properly rendered the result of the trial and subsequent appeal unreliable or fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364 (1993). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

At the post-conviction evidentiary hearing, counsel testified that he was prepared to mount a defense based upon battered spouse's syndrome. Docket Entry No. 26-14; Addendum No. 9 at pg. 47. This defense would negate any premeditation on the part of the petitioner and include testimony from her describing how the victim had verbally, physically and sexually abused her, along with testimony from a psychiatrist and family members confirming the abuse.[4] But, on the last day of the trial, the petitioner elected not to testify, thus nullifying any type of defense predicated on the battered spouse's syndrome. *Id.* at pgs. 57-62. The petitioner maintained that she had nothing to do with the murder and counsel was left with no other viable defense.

The petitioner testified at the evidentiary hearing but offered no other proof that would have been "favorable to her defense at trial, nor did she explain how evidence of the victim's alleged sexual abuse would have been relevant if the petitioner were not involved in the victim's murder." Docket Entry No. 26-17; Addendum No. 12 at pgs. 16-17. The state courts accredited the testimony of counsel and found that the petitioner had failed to introduce evidence showing that counsel's alleged ineffectiveness had prejudiced the defense. *Id.*

---

[4] The petitioner was the victim's step-daughter who was impregnated by the victim. She later became the victim's wife. Docket Entry No. 26-10; Addendum No. 5 at pg. 3.

6

Case 3:08-cv-00468   Document 27   Filed 10/08/08   Page 6 of 7 PageID #: 1952

No clear and convincing evidence has been offered to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of federal law. Consequently, this claim will not support an award of habeas corpus relief.

In the absence of an actionable claim, the Court finds that the petition for writ of habeas corpus lacks merit. Accordingly, said petition shall be denied and this action will be dismissed. Rule 8(a), Rules — § 2254 Cases.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

7

Case 3:08-cv-00468   Document 27   Filed 10/08/08   Page 7 of 7 PageID #: 1953